McKANE *et al. v.* VOORHIES, Commissioner.

*(Supreme Court, General Term, Second Department.  May 9, 1892.)*

MUNICIPAL FUNDS—IMPROVEMENTS—EXPENDITURE OF "SURPLUS."

> Laws 1891, c. 164, providing that the authorities of a town "may expend any surplus moneys" of the town, "for which no provision for expenditure is made," for improvements in the town, furnishes no authority for the erection of an improvement in the town of Gravesend out of funds in the hands of the commissioner of investments, arising from the sale of lands belonging to the town, in view of Laws 1880, c. 212, and Laws 1883, c. 458, directing the application of those funds to purposes which exhaust them.

Appeal from special term, Kings county.

Petition by John Y. McKane and others for a writ of *mandamus* against John L. Voorhies, commissioner of investments, etc.  The writ was denied, and petitioners appeal.  Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Wm. J. Gaynor,* for appellants.  *Hubbard & Rushmore,* (*H. B. Hubbard,* of counsel,) for respondent.

DYKMAN, J.  This proceeding was instituted for the procurement of a peremptory writ of *mandamus* commanding the commissioner of investments of the town of Gravesend to pay over certain moneys to the relators.  John Y. McKane is the supervisor of the town of Gravesend, and the other petitioners are the justices of the peace of that town, and the defendant John L. Voorhies is the town clerk and the commissioner of investments for moneys derived from the sale of lands of the town of Gravesend, pursuant to chapter 458, Laws 1883.  Assuming to act under authority bestowed upon them by chapter 164, Laws 1891, the petitioners met, and resolved to expend the sum of $1,000 in the erection of a building for police headquarters and offices for the board of health in the town of Gravesend.  In pursuance of that resolution a requisition was made upon the defendant for the said sum of $1,000, and he refused to obey the demand upon the ground that the law of 1891 did not apply to him, or to any money in his hands as such commissioner.  Thereupon the petitioners applied to the special term for a writ of *mandamus* to compel obedience to their requisition, which was denied, and the petitioners have appealed.

Chapter 164, Laws 1891, from which the petitioners claim to derive their authority for the expenditure of the money in question, is as follows:  "The supervisor, town clerk, and justices of the peace, or a majority thereof, in any town of this state, may expend any surplus moneys for which no provision for expenditure is made, belonging to said town, for the purpose of redemption of outstanding bonds, or for improvements in said town."  The appropriation in this case was for an improvement in the town, and so far as justified by the statute, and their application was meritorious if there was in the hands of the defendant sufficient surplus moneys for which no provision for expenditure was made.  Chapter 212, Laws 1880, provided for the election of a town treasurer in the town of Gravesend, and section 3 of that act commences as follows: "Sec. 3. The moneys in the hands of the town treasurer, arising as aforesaid from the said common lands, shall be expended for the benefit of the town in the order and manner as follows."  Then there are five subdivisions, prescribing the order and the purposes of the expenditure of the money, which exhausts the fund.  Chapter 458, Laws 1883, makes full provision for the investment and disposition of the moneys received from the sales of the common lands of the town of Gravesend, and the provisions of these two statutes make such ample provisions for the expenditure of the money belonging to the town that there can be no surplus.  No moneys have come to the hands of the defendant except those derived from the sales of common lands of the town under the law of 1883, and the interest upon the bonds

and mortgages in which such funds have been invested. This case does not fit the statute of 1891, and the petitioners can derive no aid from its provisions. The order should be affirmed, with $10 costs and disbursements.

All concur.